IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Trovon Keith, | ) | C/A No.: 1:14-36-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Captain Degeorgis; Officer Morgan; Larry Cartledge; Florence Mauney; Rhonda Abston; Sergeant J. Fish; Sergeant McCall; Lieutenant Church; Lieutenant Robertson; Lindsey Harris; Mr. Olson; Willie F. Smith; Captain Miller; and Major Early, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Trovon Keith, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated at Perry Correctional Institution ("PCI") by the following employees of the South Carolina Department of Corrections ("SCDC"): Captain Degeorgis ("Degeorgis"); Officer Morgan ("Morgan"); Larry Cartledge ("Cartledge); Florence Mauney ("Mauney"); Rhonda Abston ("Abston"); Sergeant J. Fish ("Fish"); Sergeant McCall ("McCall"); Lieutenant Church ("Church"); Lieutenant Robertson ("Robertson"); Lindsey Harris ("Harris"); Mr. Olson ("Olson"); Willie F. Smith ("Smith"); Captain Miller ("Miller"); and Major Early ("Early"). [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the

district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to McCall, Olson, and Smith.[1]

I.     Factual and Procedural Background

Plaintiff claims that in June 2013, Degeorgis, Church, Cartledge, Early, Mauney, Abston, Miller, and Morgan either directly placed a wooden box in front of his cell to block ventilation, or conspired to do so. *Id.* at 3–7. Plaintiff states that he has allergies requiring medication and the lack of ventilation worsens his symptoms. *Id.* at 4. Plaintiff alleges at least three visits to sick call resulting from the restricted air flow into his cell. *Id.*

Plaintiff next complains that Fish, Morgan, and Robertson falsely accused him of putting a hole in the wall of his cell on March 4, 2013, resulting in Plaintiff's placement in a control cell. *Id.* at 7. Plaintiff alleges that he advised Fish, Morgan, and Robertson that sleeping on an iron bed frame or concrete floor would exacerbate his back problems (scoliosis); however, these defendants allededly placed Plaintiff in the stripped-out cell without a blanket for 72 hours. *Id.* at 8. Plaintiff alleges that he had to "go to medical several times" because sleeping in the control cell hurt his back. *Id.* at 9. Plaintiff further claims that McCall falsely testified at Plaintiff's disciplinary hearing, resulting in Plaintiff's conviction for destruction of property associated with damage to his cell wall. *Id.*

---

[1] A separately-docketed order directs service of Plaintiff's claims against the remaining defendants.

2

Finally, Plaintiff claims that, on August 21, 2013, officers served him juice tainted with feces. *Id.* Plaintiff states that he felt chunks of an unknown substance in his mouth, which he believed to be human waste. *Id.* at 9–10. Plaintiff names Olson as the Senior Food Service Director in charge of inmate food safety. *Id.* at 10. Plaintiff states that he became nauseous after ingesting the juice; however, Harris allegedly refused to provide treatment or make a doctor's appointment for Plaintiff. *Id.* at 10–11. Plaintiff alleges that Smith, Food Service Administrator, refused to admit that the juice contained feces, but "did not deny that something was in the juice." *Id.* at 10. Plaintiff claims that he continues to have problems with his stomach. *Id.* at 11. Plaintiff seeks monetary damages. *Id.* at 12–13.

II.     Discussion

   A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff provides sufficient factual information to withstand summary dismissal of his deliberate indifference claims against Degeorgis, Morgan, Cartledge, Mauney, Abston, Church, Robertson, Harris, Miller, Early, and Fish. However, the undersigned recommends Plaintiff's claims against McCall, Olson, and Smith be summarily dismissed for the reasons discussed below.

4

      1.      Sergeant McCall

Plaintiff names McCall for due process violations associated with a prison disciplinary conviction. [Entry #1 at 9]. Plaintiff claims McCall provided false testimony regarding a hole in Plaintiff's cell wall, resulting in his conviction for destruction of property. *Id.* Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974). However, in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. The Supreme Court subsequently extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983").

While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affects credits toward release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of

5

his sentence."). Documents attached by Plaintiff to the complaint indicate that he lost nine days of good time credit as a result of the disciplinary conviction. [Entry #1-2 at 2]. Plaintiff provides no facts to demonstrate that his institutional conviction has been invalidated. Because *Heck*'s favorable termination requirement applies in the instant circumstance, Plaintiff's § 1983 due process claim is barred by the holdings of *Heck* and *Edwards*. Further, to the extent Plaintiff may be seeking the return of any earned good conduct time credits, such relief is unavailable in a § 1983 action. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, Plaintiff's claims against McCall are subject to summary dismissal.

        2.    Olson and Smith

Plaintiff alleges that he received tainted orange juice on August 21, 2013, and names Olson as the Food Service Director at PCI and Smith as the Food Service Administrator for SCDC. [Entry #1 at 9–11]. Plaintiff provides no facts to indicate that Olson or Smith prepared or served Plaintiff the beverage. Thus, it appears Plaintiff names Olson and Smith in a supervisory capacity. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's

inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff fails to demonstrate that Olson and Smith were aware of, or deliberately indifferent to, any constitutional risk of injury to him. Therefore, Plaintiff's claims against Olson and Smith are subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process as to Sergeant McCall, Mr. Olson, and Willie F. Smith.

IT IS SO RECOMMENDED.

March 26, 2014                                          Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).