IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Trovon Keith, | ) | C/A No.: 1:14-36-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Captain Degeorgis; Officer Morgan; | ) | ORDER |
| Larry Cartledge; Florence Mauney; | ) | |
| Rhonda Abston; Sergeant J. Fish; | ) | |
| Lieutenant Church; Lieutenant | ) | |
| Robertson; Lindsey Harris; Captain | ) | |
| Miller; Major Early; Amy Enloe; | ) | |
| Sergeant Blackburn; Lieutenant | ) | |
| Arrowood; and Sergeant J. Palmer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Trovon Keith ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Perry Correctional Institution. This matter comes before the court on the following motions of Plaintiff: (1) motion for a protective order [ECF No. 58]; (2) motion to amend the scheduling order [ECF No. 72]; and (3) motion for reconsideration [ECF No. 74]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.    Motion for Protective Order

Plaintiff claims that he was moved to a new cell assignment by Captain Rhonda Abston in retaliation for his having named her as a defendant in multiple lawsuits. [ECF No. 58]. He claims that his new cell smelled of feces, that large portions of the wall were

1

covered with feces, and that holes around the back window of the cell allow for insects to enter the cell. *Id*. Plaintiff alleges that his mental health counselors are not allowed to walk to his new cell and that the new cell assignment is causing him mental problems. *Id*. Defendants deny Plaintiff's allegations. [ECF No. 65].

Plaintiff's motion must be denied, as the courts do not typically interfere with prison housing assignments. *Hayes v. Thompson*, 726 F.2d 1015, 1016–17 & n.1 (4th Cir. 1984). Decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). To the extent Plaintiff has complaints about the walls of his cell being covered in feces or any other alleged condition of confinement, he must first exhaust his administrative remedies.

II.     Motion to Amend the Scheduling Order

Plaintiff filed a motion to amend the scheduling order on December 3, 2014, seeking additional time to conduct discovery from defendants Arrowood and Palmer ("New Defendants"), who were added pursuant to Plaintiff's second amended complaint filed on August 19, 2014. [ECF No. 72]. Plaintiff has not provided any explanation for his delay in requesting an extension or what discovery he believes he needs from New Defendants. Such an extension at this time would prejudice defendants, who collectively filed a motion for summary judgment on October 20, 2014. Additionally, Plaintiff's allegations against New Defendants are nearly identical to those against several other

2

defendants and Plaintiff has failed to show how he would be prejudiced if he is not able to obtain discovery from New Defendants. Therefore, Plaintiff's motion for an amended scheduling order is denied.

III.    Motion for Reconsideration

In his motion for reconsideration, Plaintiff argues that the court improperly denied as moot his motion to compel discovery responses after defense counsel filed a response indicating that they had served the discovery responses. [ECF No. 74]. Plaintiff indicates that he received responses to his interrogatories, but did not receive responses to his requests for production. *Id*.

At the time of the court's ruling on the motion to compel, defense counsel indicated that they had served discovery responses. [ECF No. 69]. Therefore, it was not necessary for the court to determine the substance of the motion to compel, such as whether it was timely filed. In light of Plaintiff's representation that he never received responses to his requests for production [ECF No. 67], the undersigned will address the underlying merits of his motion to compel [ECF No. 66].

Plaintiff states that he served the discovery requests on September 22, 2014. [ECF No. 66]. The deadline for the expiration of discovery was July 21, 2014. [ECF No. 21]. Therefore, Plaintiff's discovery requests were untimely. Although Plaintiff argues that he needed additional time for discovery on New Defendants, he provides no explanation of what documents he needed from New Defendants. As noted above, Plaintiff's allegations against New Defendants are almost identical to several of the defendants who Plaintiff

3

previously served with discovery requests. Therefore, Plaintiff's motion to reconsider or alter the undersigned's denial of Plaintiff's motion to compel is denied.

IV.  Conclusion

For the foregoing reason, the undersigned denies the following motions of Plaintiff: (1) motion for a protective order [ECF No. 58]; (2) motion to amend the scheduling order [ECF No. 72]; and (3) motion for reconsideration [ECF No. 74].

IT IS SO ORDERED.

April 7, 2015                                                        Shiva V. Hodges
Columbia, South Carolina                                 United States Magistrate Judge

4