IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Trovon Keith, | ) | C/A No.: 1:14-36-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Captain Degeorgis; Officer Morgan; | ) | |
| Larry Cartledge; Florence Mauney; | ) | REPORT AND RECOMMENDATION |
| Rhonda Abston; Sergeant J. Fish; | ) | |
| Lieutenant Church; Lieutenant | ) | |
| Robertson; Lindsey Harris; Captain | ) | |
| Miller; Major Early; Amy Enloe; | ) | |
| Sergeant Blackburn; Lieutenant | ) | |
| Arrowood; and Sergeant J. Palmer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Trovon Keith ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Perry Correctional Institution ("PCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He sues the following PCI employees: Captain Degeorgis, Officer Morgan, Larry Cartledge, Florence Mauney, Rhonda Abston, Sergeant J. Fish, Lieutenant Church, Lieutenant Robertson, Lindsey Harris, Captain Miller, Major Early, Amy Enloe, Sergeant Blackburn, Lieutenant Arrowood, and Sergeant J. Palmer ("Defendants").

This matter comes before the court on Defendants' motion for summary judgment. [ECF No. 59]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if

he failed to respond adequately to Defendants' motion. [ECF No. 60]. The motion having been fully briefed [ECF No. 83], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends granting Defendants' motion for summary judgment.

I.  Factual and Procedural Background

Plaintiff claims that in June 2013, Degeorgis, Church, Cartledge, Early, Mauney, Abston, Miller, Morgan, Palmer, and Arrowood either directly placed a wooden box in front of his cell to block ventilation, or conspired to do so. [ECF Nos. 44-1 at 1, 44-2 at 1, 44-3 at 3–7]. Plaintiff states that he has allergies requiring medication and the lack of ventilation worsened his symptoms. [ECF No. 44-3 at 4]. Plaintiff alleges he had to visit sick call at least three times as a result of the restricted air flow into his cell. *Id.*

Plaintiff next complains that Fish, Morgan, Robertson, and Blackburn falsely accused him of putting a hole in the wall of his cell on March 4, 2013, resulting in Plaintiff's placement in a control cell. [ECF Nos. 44 at 2, 44-3 at 7]. Plaintiff alleges that he advised Fish, Morgan, Robertson, and Blackburn that sleeping on an iron bed frame or concrete floor would exacerbate his back problems (scoliosis), but that they placed him in the control cell without a blanket for 72 hours. [ECF Nos. 44 at 2, 44-3 at 8]. Plaintiff alleges that he had to "go to medical several times" because sleeping in the control cell hurt his back. [ECF No. 44-3 at 9]. Plaintiff further claims that McCall falsely testified at

2

Plaintiff's disciplinary hearing, resulting in Plaintiff's conviction for destruction of property associated with damage to his cell wall. *Id.*

Finally, Plaintiff claims that on August 21, 2013, officers served him juice containing an unknown substance. *Id.* Plaintiff states that he felt chunks of an unknown substance in his mouth, which he believed to be human waste. *Id.* at 9–10. Plaintiff names Olson as the Senior Food Service Director in charge of inmate food safety. *Id.* at 10. Plaintiff states that he became nauseous after ingesting the juice, but Harris allegedly refused to provide him treatment. *Id.* at 10–11. Plaintiff alleges that Smith, the Food Service Administrator, refused to admit that the juice contained feces, but "did not deny that something was in the juice." *Id.* at 10. Plaintiff claims that he continues to have problems with his stomach. *Id.* at 11. Plaintiff claims that Enloe would not provide him with further treatment on September 9, 2013, related to the juice, despite having reviewed his medical records. [ECF No. 44 at 1]. Plaintiff seeks monetary damages. *Id.* at 12–13.

II.  Discussion

    A.  Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by

3

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B. Analysis

1. Conditions of Confinement

Plaintiff alleges that the boxes placed outside of his door prevent his cell from being properly ventilated and have exacerbated his seasonal allergies. He further alleges

4

that he was placed in a control cell for 72 hours and forced to sleep on a metal bed, which caused him back trouble.

"The Constitution does not mandate comfortable prisons," but "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832. As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id*. at 847; *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury).

Plaintiff has not shown that Defendants have deprived him of a basic human need. Although he alleges that the wooden boxes exacerbate his seasonal allergies, he has provided no evidence, such as medical records, to substantiate this claim. Mauney stated that the boxes were placed in front of all the cells on Plaintiff's former wing, not as a

5

form of punishment, but to curtail the inmates' passing of contraband between cells. [ECF No. 59-2 at ¶ 4]. Defendants provided pictures of the wooden boxes that show the boxes have holes for ventilation. Because Plaintiff has failed to show that Defendants' placement of wooden boxes in front of his cell deprived him of a basic human need, Defendants are entitled to summary judgment on this claim.

Plaintiff also claims that his back problems/scoliosis was exacerbated when he was placed in a control cell with a metal bed for 72 hours as a result of his disciplinary conviction. Plaintiff has failed to provide medical records or other evidence showing that his prior condition was exacerbated by using a metal bed, such that it deprived him of a basic human need. In addition, Plaintiff has provided no evidence showing that Defendants had knowledge of Plaintiff's alleged condition from any medical authority and knew that a metal bed would exacerbate his conditions. Therefore, Defendants are entitled to summary judgment on Plaintiff's claims.

2.     Deliberate Indifference to a Serious Medical Need

Plaintiff alleges that Harris was deliberately indifferent to his serious medical need because she refused to give him antibiotics or a tetanus shot after he drank juice containing an unknown substance on August 21, 2013. [ECF No. 44-3 at 9–11]. Plaintiff's medical records reveal that he was examined related to his ingestion of the juice,[1] which was found to have been served out of a dirty cooler. [ECF No. 59-7 at 2].

---

[1] To the extent that Plaintiff intended to assert a conditions-of-confinement claim related to the juice, allegations of harm from an isolated incident is insufficient. "Occasional, short lived problems with prison food service and isolated instances of inmates missing a meal or two do not implicate the Eighth Amendment." *See Williams v. Ozmint,* C/A No.

Although Plaintiff reported vomiting on August 21, he denied vomiting or diarrhea after he ate on August 22. Plaintiff claims that on September 9, 2013, Enloe refused to give him antibiotics or a tetanus shot related to his August 21 ingestion of the juice. [ECF No. 44 at 1]. Despite his claims, Plaintiff has provided no evidence showing that he needed antibiotics or a tetanus shot or that he suffered any related medical issues 24 hours after his ingestion of the juice.

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments that "involve the unnecessary and wanton infliction of pain." *Id.* at 103 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103–05 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation. *Id.*

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so

---

6:07-2409-DCN-WMC, 2008 WL 4372986, *7 (D.S.C. Sept. 22, 2008).

grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs because he has not offered any evidence, other than his own speculation, that he suffered from a serious or life threatening medical need. Plaintiff has also failed to offer any evidence that Harris and Enloe denied him medical care for his back pain. Plaintiff's disagreement with the manner his medical needs were treated does not, in and of itself, state a constitutional violation. *See King v. U.S.* 536 Fed. App'x. 358, 362–63 (4th Cir. 2013) (finding that prisoners do not have a constitutional right to the treatment of their choice). The undersigned recommends Defendants be granted summary judgment on Plaintiff's medical indifference claim.

### 3. Disciplinary Hearing

Plaintiff also alleges McCall lied in his disciplinary hearing. [ECF No. 44-3 at 9]. Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

Plaintiff does not indicate what punishment he received from the disciplinary conviction other than being confined to a control cell for 72 hours. Because Plaintiff has failed to show that he was deprived of a liberty interest to which he was entitled to due process, he has failed to state a constitutional claim related to his disciplinary conviction.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [ECF No. 59] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 7, 2015                                                    Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).